E-FILED
Monday, 19 March, 2007 12:13:18 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS



FILED

MAR 1 9 2007

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

KERRY L. BROWN, )
 )
    Petitioner, )
 )
v. ) Case No. 06-1209
 )
JULIUS FLAGG[1], Warden, )
 )
    Respondent. )

## ORDER

Now before the Court is Petitioner, Kerry L. Brown's ("Brown"), Motion to Review, which the Court construes as a Motion to Reconsider [#21]. For the reasons, set forth below, the Motion is DENIED.

### BACKGROUND

On December 29, 2006, this Court entered an Order denying Brown's § 2254 Petition for Writ of Habeas Corpus, finding that because Brown's direct appeal of his conviction and sentence was still ongoing, and because the facts of the case require that the state courts be given a full and fair opportunity to review Brown's claim, federal habeas review was not appropriate at this stage because Brown had not exhausted his state court remedies.

---

[1]The original named respondent in this action was Jay Merchant. Since the filing of this action, Julius Flagg has replaced Merchant as Warden of the Shawnee Correctional Center, and therefore, Flagg is properly substituted as the respondent under Rule 2(a) of the Rules Governing Section 2254 Cases un the United States District Court.

## DISCUSSION

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." Caisse Nationale de Credit v. CBI Industries, 90 F.3d 1264, 1269 (7th Cir. 1996). It is not appropriate to argue matters that could have been raised in prior motions or rehash previously rejected arguments in a motion to reconsider. Id. at 1270.

Brown's Motion for Reconsideration does not present any new evidence, nor does it serve an appropriate limited function under Caisse. Rather, Brown's Motion sets forth several additional reasons why he is allegedly entitled to habeas relief, none of which affects the Court's previous determination that under § 2254, Brown must first exhaust his state remedies. The Court understands the Brown disagrees with its findings and its ultimate conclusion that he is not entitled to § 2254 relief at this time. However, the Court of Appeals, not a Motion for Reconsideration, is the appropriate forum for raising such disagreements. As Brown has not identified any manifest errors of law or fact, nor has he discovered evidence meriting a different result, his Motion for Reconsideration must fail.

## CONCLUSION

For the reasons set forth herein, Brown's Motion for Reconsideration [#21] is DENIED.

ENTERED this 19th day of March, 2007.

s/MICHAEL M. MIHM
Michael M. Mihm
United States District Judge